UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DAN H. COOPER,<br><br>    Petitioner,<br><br>  v.<br><br>JOHN MARSHALL, Warden,<br><br>    Respondent. | ) Case No. CV 11-1663-R (SH)<br>)<br>) MEMORANDUM AND ORDER<br>) DISMISSING PETITION FOR WRIT<br>) OF HABEAS CORPUS<br>)<br>)<br>)<br>)<br>) |

## I. BACKGROUND

On February 24, 2011, pro se petitioner, in state custody, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). In his Petition, petitioner challenges his 1998 convictions for robbery and kidnapping to commit another crime, Los Angeles County Superior Court (Case No. YA036078). (Petition at 3). As best the Court can glean from petitioner's allegations, the Petition alleges the following claims: (1) Petitioner received ineffective assistance of trial counsel and appellate counsel with respect to the absence of Miranda rights

1

prior to his interrogation; (2) Petitioner was deprived of his <u>Miranda</u> rights, in violation of his right to due process; (3) Petitioner's convictions were based on false arrest reports and perjured testimony; and (4) The prosecution knowingly used false testimony to obtain petitioner's convictions. (Petition Memorandum at 4-21).

## II. DISCUSSION

On December 28, 2000, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case Number CV 00-13543-R(SH)). In that habeas petition, petitioner challenged the same 1998 convictions. On July 24, 2001, the district court denied that habeas petition with prejudice, in accordance with the findings, conclusions and recommendations of the Magistrate Judge. On August 6, 2001, the district court denied petitioner's request for a certificate of appealability. On December 4, 2002, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

On July 19, 2007, petitioner filed what the Court construed as another Petition for Writ of Habeas Corpus by a Person in State Custody herein (Case Number CV 07-04683-R (SH)). In that habeas petition, petitioner challenged the same 1998 convictions. On July 24, 2007, the district court dismissed that habeas petition as an unauthorized, successive petition. On August 20, 2007, the district denied petitioner's request for a certificate of appealability. On June 24, 2008, the Ninth Circuit Court of Appeals denied petitioner's request for a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the

United States on a prior application for a writ of habeas corpus, except as provided in §2255.

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

       (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

       (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

       (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section. 28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court. The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition is a successive habeas corpus petition. The instant Petition was filed on February 24, 2011, well after the effective date of the AEDPA. Therefore, petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. See 28 U.S.C. §2244(b)(3)(A). It appears that no such authorization has been obtained in this case. Thus, the Petition should be dismissed for that reason.

///
///
///
///
///
///
///

### III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed.

DATED: March 8, 2011

_____
MANUEL REAL
UNITED STATES DISTRICT JUDGE

Presented by:
Dated: February 28, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE